**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 22-4486**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TRAVIS DEVON COLSON, a/k/a Swift,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, Chief District Judge. (1:22-cr-00013-TDS-1)

───────────────

Submitted: August 28, 2023                Decided: September 29, 2023

───────────────

Before RICHARDSON and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

───────────────

Dismissed by unpublished per curiam opinion.

───────────────

**ON BRIEF**: Thomas M. King, Salisbury, North Carolina, for Appellant. Angela Hewlett Miller, Assistant United States Attorney, Craig Matthew Principe, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis Devon Colson pleaded guilty, pursuant to a written plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Colson to 60 months of imprisonment.  On appeal, Colson's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning the reasonableness of Colson's sentence.  Colson has not filed a pro se supplemental brief despite being notified of his right to do so.  Finding no error, we affirm.

We review a criminal sentence for reasonableness "under a deferential abuse-of-discretion standard." *United States v. Williams*, 5 F.4th 500, 505 (4th Cir.), *cert. denied*, 142 S. Ct. 625 (2021).  "[W]e must first ensure that the district court committed no significant procedural error, such as improperly calculating the [Sentencing] Guidelines range, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."  *Id.*  (internal quotation marks omitted).  "If the sentence is procedurally sound, we then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances."  *United States v. McCain*, 974 F.3d 506, 515 (4th Cir. 2020) (internal quotation marks omitted).  "Where, as here, the sentence is outside the advisory Guidelines range, we must consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Nance*, 957 F.3d 204, 215 (4th Cir. 2020) (internal quotation marks omitted).  In reviewing an upward variance, this court "may consider the extent of the deviation, but must give due deference

2

to the district court's decision that the [18 U.S.C.] § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* at 212 (internal quotation marks omitted).

During the sentencing hearing, the district court accurately calculated Colson's advisory Sentencing Guidelines range, accorded Colson an opportunity to argue for an appropriate sentence, addressed Colson's and the Government's sentencing arguments, considered the §3553(a) factors, and adequately explained the chosen sentence. Despite considering the mitigating factors argued by Colson, the court concluded that an upward variance of 14 months was necessary to protect the public and deter Colson from further criminal conduct. Based on the factors identified by the district court, along with our review of the record, we conclude that the court did not abuse its discretion by imposing an upward-variant sentence. *See Nance*, 957 F.3d at 212, 215.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Colson, in writing, of the right to petition the Supreme Court of the United States for further review. If Colson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Colson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*